124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Julius L. Jackson, Defendant-Appellant.
 No. 97-2035.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 13, 1997.*
Aug. 13, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.
 
 
 2
 Before Hon. John L. Coffey, Circuit Judge Hon. Joel M. Flaum, Judge Hon. Michael S. Kanne, Circuit Judge
 
 ORDER
 
 3
 A jury convicted Julius Jackson of one count of possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to 120 months' incarceration. Jackson appeals contending that the evidence was insufficient to support the conviction. We affirm.
 
 
 4
 On the night of October 29, 1996, two police officers and a civilian participating in a ride-along program drove past a group of men who were gathered in a group and appeared to be rolling dice on a sidewalk at 3050-3052[1] Ruckle Street in Indianapolis. Because shooting craps is against the law in Indiana, Officer Santa, with whom the civilian, Michael Morken, was riding, parked his squad car at an angle on the street in between 3050-3052 and 3054 Ruckle Street in order to investigate. The officer riding alone, Officer Shaffer, drove his squad car past the street where the group of men was located and turned down an alley located behind the houses on Ruckle Street in order to intercept anyone seeking to leave the scene. Officer Santa left his headlights on and got out of his car, as did Morken. As the two men approached the group, they saw one of the men quickly walk away toward the area between the two houses. At approximately this same time, Officer Shaffer entered the alley and turned on the light bar attached to his squad car. After turning on the halogen light, Officer Shaffer saw the man drop a gun in the alley. Morken also witnessed the same action. In addition, Officer Santa turned on a 30,000 candlepower flashlight which he directed at the space between the houses. Santa testified that he also saw the man take a gun out of his waistband and drop it on the ground.
 
 
 5
 After dropping the gun, the man ran from the alley to the front porch of the house located at 3050-3052 Ruckle Street. He ignored Officer Santa's order to stop, and attempted unsuccessfully to gain entry to the house. Officer Santa arrested him for carrying a handgun without a license, an Indiana offense. Meanwhile, when the man began to run, Officer Shaffer followed him and saw the gun lying on the ground where the man had stood. An evidence technician and Officer Santa examined the gun before it was sent to the property room and noted that it was dry on one side and muddy on the other, consistent with just having been dropped on the wet ground.
 
 
 6
 On appeal, Jackson challenges the credibility of the witnesses, asserting that their testimony could not support a finding that it was Jackson who had possessed the weapon. Appellant's Br. at 2 ("The testimony by the government's witness is not credible and therefore there is insufficient evidence to support the verdict."). Credibility determinations by juries are not subject to review by appellate courts. United States v. Griffin, 84 F.3d 912, 927 (7th Cir.) ("It is for the jury--not the court of appeals--to judge the credibility of witnesses, and attacks on witness credibility are insufficient to sustain a challenge to the sufficiency of the evidence.") (citations omitted), cert. denied, 117 S.Ct. 495 (1996). At trial, three witnesses testified that Officer Shaffer's light bar and Officer Santa's flashlight provided enough light to watch the individual enter the alley and drop the weapon, and that this individual was identified seconds later as the defendant, Juliusn Jackson. After viewing the evidence in a light most favorable to the prosecution, see Jackson v. Virginia, 443 U.S. 307, 319 (1978), we conclude that the jury could have found, based on the witnesses' testimony, that Jackson possessed the firearm. We will not disturb this determination on appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The parties have submitted a joint "Agreement to Waive Oral Argument." Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The testimony of the civilian, Michael Morken, indicates that the house was a single structure containing two apartments or homes; thus the reason for the "double" address. Trial Tr